**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID L. MOORE,

      Petitioner,

-vs-                                  Case No.  8:06-CV-1365-T-30TBM

WARDEN RANDALL BRYANT, et al,

      Respondents.

_____/

## <u>ORDER</u>

This matter is before the Court for consideration of Petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2254, filed *pro se* on July 17, 2006. Petitioner is challenging 1990 convictions entered in the Tenth Judicial Circuit Court, Polk County, Florida. Having undertaken a preliminary examination of the petition in accord with Rule 4 of the Rules Governing Section 2254 Cases (2005), the Court concludes that the petition is due to be summarily dismissed as time barred under the provisions of 28 U.S.C. § 2244(d) without service on the Respondents.[1]

**Standard of Review**

Generally, state prisoners who file their § 2254 petitions after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which

_____

[1] *See Day v. McDonough,* __ U.S. __, 126 S.Ct. 1675, 1684 (April 25, 2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). Here, Petitioner acknowledged in his petition that it was filed after the limitations period expired and presented his argument for equitable tolling of the limitation period therein (Dkt. 1 at 5-6).

the conviction became final; (2) the date on which any state-imposed impediment to filing the

petition is removed; (3) the date on which the constitutional right asserted was initially

recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (4) the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Where, as

here, the state prisoner's conviction became final on direct review before AEDPA's

enactment date, the courts have determined that the one-year limitation period begins to run

on April 24, 1996 – the date the Act was signed into law. Additionally, "[t]he time during which

a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection." 28 U.S.C. § 2244(d)(2).

## Discussion

On November 6, 1990, Petitioner entered a plea of *nolo contendere* to charges of

grand theft (2 counts), possession of burglary tools, resisting arrest without violence, and petit

theft (Dkt. 1 at 1).  Petitioner was sentenced on December 7, 1990, to serve a term of 30

months imprisonment, to be followed by a 10-year probationary period. Because he did not

file an appeal, Petitioner's convictions and sentences became final on January 6, 1991, 30

days from the date of conviction. *See Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988).

Since Petitioner's convictions became final prior to the enactment of the AEDPA, the one-

year limitation period for his federal habeas petition began to run on April 24, 1996. *See*

*Wilcox v. Fla. Dep't of Corrs.*, 158 F.3d 1209, 1211 (11th Cir. 1998). No state court

proceedings related to Petitioner's convictions were pending on that date.  Thus, absent

tolling by a "properly filed" application for state post-conviction relief, Petitioner had until April

24, 1997, to file his petition for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1).

According to Petitioner, he did not seek post-conviction relief until January 2002, when he filed a motion to withdraw his plea under Fla. R. Crim. P. 3.170 -- nearly 5 years after the AEDPA limitation period expired. Applications for state post-conviction relief filed <u>after</u> the expiration of the limitation period cannot operate to toll the limitation period.[2] *See Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions; a state-court application for post-conviction relief that is filed following expiration of the limitation period cannot toll that period because there is no period remaining to be tolled). Since AEDPA's limitation period cannot be reinitiated, none of Petitioner's filings after April 24, 1997, had any tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

The statutory exceptions to the limitations period are not applicable here because Petitioner acknowledges that on an undisclosed date in January 1996, he discovered the factual predicate for the claims asserted in his petition (Dkt. 1 at 6), and he has not shown that a state created impediment prevented him from filing a timely petition or advanced a claim based on a right newly recognized by the United States Supreme Court and retroactive in application. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Thus, the petition for federal habeas relief

---

[2]Under Florida law, a defendant can move to withdraw a plea before a sentence is rendered under Fla. R. Crim. P. 3.170(f) or 3.172. *See Harrell v. State*, 894 So.2d 935 (Fla. 2005). After the sentence has been rendered, the defendant has 30 days within which to move to withdraw a plea under Rule 3.170(l). *See Lepper v. State*, 826 so.2d 363 (Fla. 2d DCA 2002). Once the 30-day window lapsed, Rule 3.850(a)(5) was the only rule under which Petitioner's motion to withdraw an "involuntary" plea could have been properly brought. *Id.* at 364. Rule 3.850 motions are, however, subject to a two-year limitation period, and Petitioner was seeking to withdraw a plea entered more than 12 years earlier. *See* Rule 3.850(b). Thus, even if the federal limitation period had not already expired, Petitioner's untimely motion to withdraw his plea would have had no tolling effect on AEDPA's limitation period because it was not a "properly filed" application for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Colbert v. Head*, 146 F.App'x 340, 342 (11th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (a petition filed after a time limit has expired is not "properly filed" for tolling purposes); *Sibley v. Culver,* 377 F.3d 1196, 1202 (11th Cir. 2004).

is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitations provision unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Petitioner bears the burden of showing that equitable tolling is warranted. *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). The "extraordinary circumstances" must relate to the untimeliness of the filing rather than the underlying conviction. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Aware that his petition was filed outside the limitation period, Petitioner makes the following argument in support of his assertion that he is entitled to proceed despite the procedural bar to his claims:

> Petitioner was mentaly [sic] incompetent at time of plea and has no memory of the proceedings of the plea and sentence and did not discover the convictions and sentences until Jan. 1996. Petitioner then sought to challenge these convictions but mental incompetence interferred [sic] with Petitioner[']s ability to challenge these convictions and [he] is still having mental health problems. Over the past ten years[,] Petitioner has attempted suicide five times, been on three other medications for depression[,] treated in mental health institutions while serving sentence in the Department of Corrections[,] and been under the care of Department of Corrections psychiatrist. Petitioner has never been found competent by any court. Mental incompetence prevented Petitioner from timely filing this petition.

Dkt. 1 at 5-6.

To be entitled to equitable tolling on the basis of mental illness, a petitioner must show more than that it is difficult for him to understand and act upon his legal rights; rather, he

must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did. Here, Petitioner is entitled to no relief as he has failed to establish a causal connection between his alleged mental incapacity and his ability to file a timely federal habeas petition. *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005); *Bilbrey v. Douglas,* 124 Fed.Appx. 971, 973 (6th Cir. 2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley,* 116 Fed.Appx. 749, 751 (7th Cir. 2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson,* 262 F.3d 1135, 1145 (10th Cir. 2001) (petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period). A petitioner must make a threshold showing of incompetence, *see Calderon v. United States District Court for the Central District of California,* 163 F.3d 530, 541 (9th Cir. 1998) (en banc), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *Miller v. New Jersey State Dep't. of Corrs.,* 145 F.3d 616, 618 (3rd Cir. 1998). The mere fact that Petitioner may have suffered and/or now suffers from mental impairments, without more, is not sufficient to justify equitable tolling. *Lawrence,* 421 F.3d at 1227; *Lake v. Arnold,* 232 F.3d 360, 371 (3rd Cir. 2000).

Moreover, equitable tooling is not justified for an inmate who had "more than enough time to file" after his period of incapacity ended, as "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). According to Petitioner's sworn statements, he learned of the factual predicate for the claims asserted in his petition in January 1996, but was mentally incompetent to pursue collateral relief. During the period of

"incompetency" about which Petitioner complains, he demonstrated that, proceeding *pro se*, he was able to protect his legal rights in a civil rights case that took 4 years to bring to fruition.[3]  *See Moore v. Pigott*, Case No. 9:96-CV-08347-DMM (S.D. Fla. 2000). Petitioner filed his complaint naming 12 state actors as defendants on May 21, 1996. *Id*.  The docket reflects that Petitioner was an active participant in the discovery process, and at Petitioner's request, the case was calendared for a jury trial to commence on June 19, 2000.  During the calendar call on June 15, 2000, the parties announced that they had reached a settlement. *Id.*, Dkt. 111.

    According to Petitioner's sworn statements, he filed a motion to withdraw his plea on the ground of mental incompetency based on the same factual predicate as the claims presented in the instant case in January 2002, which was denied in April 2002.  Petitioner states that the state appellate court affirmed the trial court's decision in May 2002. In June 2002, Petitioner filed a state application for post-conviction relief challenging his convictions pursuant to Fla. R. Crim. P. 3.850. Petitioner further states that the trial court denied his Rule 3.850 motion in September 2002. The state appellate court affirmed the trial court's decision on February 12, 2003, with the mandate issuing on March 10, 2003. *See Moore v. State*, 838 So.2d 1159 (Fla. 2d DCA 2003).  Rather  than  file  a § 2254 petition challenging the convictions after his Rule 3.850 motion was denied, Petitioner delayed until May 2005, before again challenging the convictions in state court by filing a petition for writs of error coram nobis and habeas corpus and a motion for post-conviction relief pursuant to Rule 3.850(h). Although that effort proved unsuccessful in December 2005, Petitioner continued to delay

---

    [3]The Court takes judicial notice of information accessible via the Public Access to Court Electronic Records ("PACER") internet database link to the Official Court Electronic Document Filing System for the United States District Court, Southern District of Florida, viewed on October 24, 2006. *See* Fed. R. Evid. 201.

filing a § 2254 petition until July 17, 2006. Petitioner's assertion that the delay in filing his § 2254 petition was the result of "mental incompetence" fails when considered in light of Petitioner's demonstrated ability to pursue civil and collateral relief *pro se* during the relevant period. The Court finds Petitioner's contention that a mental disability has rendered him incompetent to protect his legal rights for the past 10 years incredible.

Finally, Petitioner does not assert that he has ever been declared incompetent or that there has ever been a hearing on the issue of his mental competence.  In the absence of some factual basis for concluding that there has been a prior judicial determination of incompetency, Petitioner's bald assertion that he "has never been found to be competent by any court" is not relevant to the issue of equitable tolling.

Petitioner has not demonstrated that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting his claims before July 16, 2006, which are essential elements for the imposition of equitable tolling, *see Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d at 1314-15, and he has not presented a colorable claim of actual innocence. It would, therefore, be improper for this Court to discuss the merits of Petitioner's claim.

**Conclusion**

Reading Petitioner's petition in a liberal fashion, given this chronology of events, the Court concludes that the applicable limitation period commenced to run on April 24, 1996, and ran uninterrupted until its expiration on April 24, 1997. Petitioner's § 2254 petition is, thus, due to be denied because he failed to file this petition within the requisite one-year period of limitation. *See* 28 U.S.C. §2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery, and a response from the Respondents is not required.

ACCORDINGLY, the Court **ORDERS** that:

1.      The Petition for Writ of Habeas Corpus is **DENIED**.

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3.      Within **THIRTY (30) DAYS** hereof, the Court will consider a motion to reopen the case if Petitioner can show, under prevailing case law, that he is entitled to equitable tolling.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copy furnished to:
*Pro Se* Petitioner

-8-